**Gabriel Austin GOODMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 03–95–00620–CR.

Court of Appeals of Texas,
Austin.

Nov. 20, 1996.

Stephen N. Lee, Belton, for appellant.

Hollis C. Lewis, Jr., County & District Attorney, James A. Endicott, Jr., Special Counsel to County & District Attorney's Office, Cameron, for state.

Before POWERS, JONES and B.A. SMITH, JJ.

PER CURIAM.

A jury found appellant Gabriel Goodman guilty of unlawful possession of a firearm by a felon and assessed punishment at five years' imprisonment and a $5,000 fine. Ap-

pellant challenges his conviction by two points of error. Because our examination of the record discloses an unassigned fundamental error, we will reverse the judgment of conviction. *Carter v. State,* 656 S.W.2d 468, 468–70 (Tex.Crim.App.1983); *Ruiz v. State,* 691 S.W.2d 90, 91 (Tex.App.—Austin 1985), *aff'd,* 753 S.W.2d 681 (Tex.Crim.App.1988).

A grand jury determined that on or about the fifth day of August 1994, appellant, having previously been convicted of the felony offense of debit card abuse in March 1993, intentionally and knowingly possessed a firearm before the fifth anniversary of his release from confinement following conviction of the felony offense of debit card abuse.

It is obvious that appellant was charged and convicted under present Penal Code section 46.04(a). The statute provides:

A person who has been convicted of a felony commits an offense if he possesses a firearm

(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

(2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.

Tex. Penal Code Ann. § 46.04(a) (West 1994).

Before September 1, 1994, the offense of a felon in possession of a firearm was located at Texas Penal Code section 46.05(a). That statute provided:

A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.

Act of May 23, 1973, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 964.

The Seventy–Third Legislature renumbered and made significant amendments to the offense of a felon in possession of a firearm. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3688. The change in the law applied only to an offense committed *on or after* the effective date of the amendatory act. *Id.,* § 1.18(a), 1993 Tex. Gen. Laws 3586, 3705. An offense is committed before the effective date if any element of the offense occurred before the effective date. *Id.* An offense committed before the effective date is covered by the law in effect when the offense was committed, and the former law was continued in effect for that purpose. *Id.,* § 1.18(b). The new section 46.04 became effective September 1, 1994. *Id.,* § 1.19(a), 1993 Tex. Gen. Laws 3586, 3705.

■ Appellant was indicted under a law that was not in effect at the time of the alleged offense. At the time the indictment alleged that appellant possessed a firearm illegally, his possession was an innocent act. For appellant's possession of a firearm to be illegal on or about August 5, 1994, his previous felony would have had to involve an act of violence or threatened violence. Appellant's previous felony conviction, debit card abuse, did not involve either an act of violence or threatened violence.

■ At issue is the improper retroactive application of a penal statute. The ex post facto provisions of the federal and state constitutions do not permit prosecution or conviction for behavior that did not constitute a criminal offense when it happened. U.S. Const. art. I, § 10, cl. 1; Tex. Const. art. I, § 16; *Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 963–64, 67 L.Ed.2d 17 (1981); *Ieppert v. State,* 908 S.W.2d 217, 219 (Tex. Crim.App.1995). While often constitutional claims may be waived, the improper retroactive application of a penal statute is the type of claim included among a number of requirements and prohibitions that cannot be waived or forfeited by a party. *Ieppert,* 908 S.W.2d at 219 (citing *Marin v. State,* 851 S.W.2d 275, 279 (Tex.Crim.App.1993)).

Within the concept of ex post facto is the fundamental principle that the "criminal quality attributable to an act, either by the legal definition of the offense, or by the nature of amount of the punishment ... should not be altered by legislative enactment, after the fact, to the disadvantage of the accused." *Ieppert,* 908 S.W.2d at 223

(Baird, J., concurring and citing *Beazell v. Ohio,* 269 U.S. 167, 170, 46 S.Ct. 68, 69, 70 L.Ed. 216 (1925)).

Charging appellant under section 46.04 for conduct that at the time alleged was innocent had the effect of altering the definition of the crime to the detriment of the accused. This violates the ex post facto provisions of the federal and state constitutions because it made criminal an act that was innocent before its passage. *Beazell,* 269 U.S. at 170, 46 S.Ct. at 68–69.

We conclude that the ex post facto violation that occurred in this instance was an unassigned fundamental error. Because fundamental error occurred below, it is unnecessary for us to address appellant's two points of error. Tex.R.App. P. 90(a). We reverse the trial court's judgment of conviction and order the indictment dismissed.