# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00063-CR

**Ryan Kenneth Holcomb, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 01-901-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

## O P I N I O N

Appellant Ryan Kenneth Holcomb appeals his conviction for possession of a controlled substance, to wit: cocaine in an amount of less than one gram. *See* Tex. Health & Safety Code Ann. § 481.115(b) (West 2003). The trial court assessed punishment at two years in the state jail but suspended the imposition of sentence and placed appellant on community supervision (probation) for a term of five years subject to certain conditions.

### Points of Error

Appellant advances three points of error stated in terms of issues as follows:

Issue 1: House Bill 2668[1] does not require "redundant probation" because that would thwart the Legislature's intent to reduce costs, it does not serve the legislative purpose of mandating drug treatment before state jail time if a defendant had already received drug treatment as part of deferred adjudication probation, and because such an interpretation is an absurd result which the Legislature could not have intended.

Issue 2: Because there is a pre-September 1, 2003 deferred adjudication judgment in this case, House Bill 2668 does not apply to appellant's case, and the trial court should have applied the pre-September 1, 2003 version of the statute.

Issue 3: Applying House Bill 2668 to a case in which a deferred adjudication judgment was entered prior to September 1, 2003 would violate the state and federal constitutional provisions prohibiting ex post facto laws.

We will affirm the trial court's judgment.

## Background

On October 4, 2001, appellant was indicted for possessing cocaine in the amount of one gram or more but less than four grams, a third degree felony. *See* Tex. Health & Safety Code Ann. § 481.115(c) (West 2003). The indictment alleged the date of the commission of the offense as "on or about August 11, 2001." On November 27, 2001, appellant entered a plea of guilty to the lesser included offense of possession of cocaine. On February 5, 2002, the trial court deferred adjudication of guilt and "further proceedings" and placed appellant on deferred adjudication

---

[1] Tex. Code Crim. Proc. Ann. art. 42.12, § 15(a), (c) (West Supp. 2004-05). Act of May 24, 2003, 78th Leg., R.S., ch. 1122, 2003 Tex. Gen. Laws 3212-13 (effective September 1, 2003). The difficulty of simply referring to a Senate or House bill number without designating the legislative session and that it was enacted into law is often confusing and sometimes meaningless. Moreover, the bill number is often used again in the next legislative session rendering the reference out of date.

2

probation for five years subject to certain conditions including drug treatment at the Central Texas Treatment Center. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2004-05).

On July 22, 2003, the State filed a motion to proceed to adjudication of guilt alleging violations of the imposed conditions. Appellant was arrested on September 2, 2003. On November 5, 2003, the trial court conducted a hearing on the State's motion. Appellant pleaded true to paragraph I, (a) through (d) of the motion, alleging four separate dates on which appellant used a controlled substance, to wit: methamphetamine. The trial court proceeded to adjudicate guilt and determine punishment. There was no showing that appellant had previously been convicted of a felony. The prosecutor called the trial court's attention to the provisions of article 42.12, section 15(a), (c) as amended, which became effective September 1, 2003, prior to the hearing. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 15(a), (c) (West Supp. 2004-05); Act of May 24, 2003, 78th Leg., R.S., ch. 1122, 2003 Tex. Gen. Laws 3212-13. The prosecutor noted that although appellant had been on deferred adjudication, the new law mandated that appellant now be placed on "straight probation" in this type of state jail felony case. The trial court imposed punishment at two years in the state jail but suspended the imposition of the sentence and placed appellant on "straight" community service for five years subject to certain conditions, including ordering appellant to the Substance Abuse Felony Punishment Facilities (SAFPF). *See* Tex. Gov't Code Ann. § 493.009 (West 1998). There were no objections to the trial court's actions or imposition of conditions.

Section 15(a), (c) of article 42.12, as amended in 2003, and under which appellant was placed on community supervision, provides:

3

(a)(1)  On conviction of a state jail felony under Section 481.115(b), 481.1151(b)(1), 481.116(b), 481.121(b)(3), or 481.129(g)(1), Health and Safety Code, that is punished under Section 12.35(a), Penal Code, the judge shall suspend the imposition of the sentence and place the defendant on community supervision, unless the defendant has previously been convicted of a felony, in which event the judge may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed.  The provisions of this subdivision requiring the judge to suspend the imposition of the sentence and place the defendant on community supervision do not apply to a defendant who under Section 481.1151(b)(1), Health and Safety Code, possessed more than five abuse units of the controlled substance or under Section 481.121(b)(3), Health and Safety Code, possessed more than one pound of marijuana.

(2)  On conviction of a state jail felony punished under Section 12.35(a), Penal Code, other than a state jail felony listed in Subdivision (1), the judge may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed.

(3)  The judge may suspend in whole or in part the imposition of any fine imposed on conviction.

(c)(1)  A judge may impose any condition of community supervision on a defendant that the judge could impose on a defendant placed on supervision for an offense other than a state jail felony, except that the judge may impose on the defendant a condition that the defendant submit to a period of confinement in a county jail under Section 5 or 12 of this article only if the term does not exceed 90 days.

(2)  Except as otherwise provided by Subdivision (3), a judge who places a defendant on community supervision for an offense listed in Subsection (a)(1) shall require the defendant to comply with substance abuse treatment conditions that are consistent with standards adopted by the Texas Board of Criminal Justice under Section 509.015, Government Code.

(3)  A judge is not required to impose conditions described by Subdivision (2) if the judge makes an affirmative finding that the defendant does not require imposition of the conditions to successfully complete the period of community supervision.

Tex. Code Crim. Proc. Ann. art. 42.12, § 15(a), (c).

The mandatory requirements of section 15(a) for community supervision are limited to five criminal offenses under the health and safety code in which the amount of controlled substance involved is small,[2] and the offense is punishable under a non-aggravated state jail felony under section 12.35(a) of the Penal Code. *See* Tex. Pen. Code Ann. § 12.35(a) (West 2003). There is a mandatory drug treatment condition of community supervision for defendants convicted of the offenses listed in section 15(a). *See* Tex. Pen. Code Ann. art. 42.12, § 15(c)(2). An exception exists however. *Id.* § 15(c)(3).

Most important to our discussion and to appellant's contentions is section 4 of House Bill 2668 of the 78th Legislature which amended sections 15(a) and (c) of article 42.12. Section 4 of the bill provides:

> This Act takes effect September 1, 2003, *and applies to any case in which a judgment has not been entered before the effective date of this Act*. A case in which a judgment has been entered before the effective date of this Act is covered by the law in effect when the judgment is entered, and the former law is continued in effect for that purpose.

---

[2] Section 481.115(b) of the health and safety code under which appellant was convicted is a state jail felony for possession of a controlled substance under Penalty Group 1 of less than one gram. Section 481.1151(b)(1) of the code is a state jail felony relating to possession of a controlled substance under Penalty Group 1A where the abuse units possessed are less than 20. Section 481.116(b) of the said code is a state jail felony relating to possession of a controlled substance under Penalty Group 2 where the substance possessed is less than one gram. Section 481.121(b)(3) of the code is a state jail felony relating to possession of marijuana of five pounds or less but more than four ounces. Section 481.129(g)(1) of the code is a state jail felony for fraud if the defendant possesses a prescription form or a prescription for a controlled substance listed in Schedule II and III. *See* Tex. Health & Safety Code Ann. §§ 481.151(b), .151(b)(1), .116(b), .121(b)(3), 129(g)(1) (West 2003).

5

Act of May 24, 2003, 78th Leg., R.S., ch. 1122 (H.B. 2668) § 4, 2003 Tex. Gen. Laws 3212-13 (emphasis added).

It is clear that the legislature made this act applicable to any case in which judgment had not been entered before September 1, 2003, rather than limiting the statute's application to offenses committed after the effective date of the legislation. It is obvious that the legislature had in mind the statute's application to cases like appellant's, where the defendant had previously been on deferred adjudication community service and no judgment had ever been entered in the case.

### Prior "Judgment"

In his second issue, appellant argues that "[b]ecause there is a pre-September 1, 2003 deferred adjudication judgment in this case, House Bill 2668 [article 42.12, § 15 as amended] does not apply to appellant's case and the trial court should have applied the pre-September 1, 2003 version of the statute."

The offense involved was committed on August 11, 2001. Appellant was indicted on October 4, 2001. He entered a plea of guilty to the lesser included offense on November 27, 2001, and was placed on deferred adjudication on February 5, 2002. Under the deferred adjudication procedure there is no adjudication of guilt by the trial court. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a). Without a determination of guilt, there is no judgment to be entered.[3] A judgment is

---

[3] Article 42.12, section 5(a) of the Code of Criminal Procedure provides in part:

(a) Except as provided in subsection (d) of this section, when in the judge's

the written declaration of the trial court entered of record showing *inter alia*, the conviction or acquittal of the defendant. *See* Tex. Code Crim. Proc. Ann. art. 42.01 (West Supp. 2004-05). In the instant case there was no conviction or acquittal. The order granting statutory deferred adjudication does not constitute a judgment. Appellant erroneously refers to the instrument as a "deferred adjudication judgment."

Section 4 of House Bill 2668, as enacted into law and as noted above, provides that the act becomes effective September 1, 2003, and applies to any case in which a judgment has not been entered before that date. The judgment was entered for the first time in the instant case on November 5, 2003, adjudicating appellant's guilt of the offense to which he had pleaded guilty, suspending the imposition of the sentence, and placing appellant on community supervision as required by section 15(a) of article 42.12. Appellant's contention that a judgment had been entered earlier and that the former law applied on November 5, 2003, is without merit. The legislature

---

opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision.

Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2004-05).

The essence of deferred adjudication is that the defendant is not found guilty, and is not convicted of any offense. *Rodriguez v. State*, 939 S.W.2d 211, 221 (Tex. App.—Austin 1997, no pet.).

7

apparently had deferred adjudication cases in mind when section 4 of House Bill 2668 was enacted.

Appellant's second issue is overruled.[4]

## Ex Post Facto Laws

In his third issue, appellant urges that "[a]pplying House Bill 2668 [as enacted] to a case in which a deferred adjudication judgment was entered prior to September 1, 2003, would violate the state and federal constitutional provisions prohibiting ex post facto laws."

We observe again at the outset that there was no judgment in the deferred adjudication proceedings. Moreover, appellant did not object at trial on the basis of an ex post facto claim. Nevertheless, the right to be free of ex post facto laws cannot be waived. *Ieppert v. State*, 908 S.W.2d 217, 220 (Tex. Crim. App. 1995); *see also Goodman v. State*, 935 S.W.2d 184, 185 (Tex. App.—Austin 1996, no pet.). Appellant's contention is properly before this Court.

It is true that both the federal and state constitutions forbid ex post facto laws. *See* U.S. Const. art. 1, §§ 9 cl. 3, 10 cl. 1; Tex. Const. art. I, § 16. An ex post facto law (1) punishes as a crime an act previously committed which was innocent when done, (2) changes the punishment and inflicts a greater punishment than the law attached to a criminal offense when committed, (3) deprives a person charged with a crime of any defense available at the time the act was committed, or (4) alters the legal rules of evidence, and receives less or different testimony than the law required

---

[4] Appellant calls attention to the fact that the Legislative Budget Board Criminal Justice Impact Statements relating to House Bill 2668 on April 15 and May 19, 2003 both stated: "The bill would apply to an offense committed after September 1, 2003." Such statements, contradictory to the written statute, are not controlling. Moreover, the bill in present statutory form passed the House of Representatives on May 2, 2003. 2003 Tex. Gen. Laws 3212-13.

at the time of the commission of the offense in order to convict the offender. *Carmell v. Texas*, 529 U.S. 513, 522-25(2000); *Collins v. Youngblood*, 497 U.S. 37, 42-43 (1990); *Rodriguez v. State*, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002); *Johnson v. State*, 930 S.W.2d 589, 591 (Tex. Crim. App. 1996); *Lopez v. State*, 928 S.W.2d 528, 534 (Tex. Crim. App. 1996); *Grimes v. State*, 807 S.W.2d 582, 584-86 (Tex. Crim. App. 1991).[5] Appellant relies upon the second category above.

The right to be free of ex post facto laws as conferred by the federal and state constitutions is an "absolute" right. *See Marin v. State*, 851 S.W.2d 275-278 (Tex. Crim. App. 1993). As explained in *Ieppert v. State*, 908 S.W.2d at 220, the prohibitions against ex post facto laws is less an individual right than a categorical and systemic prohibition imposed upon government by the people. *Id*. "By this, the court apparently meant that it is a fundamental limit upon the power of government to punish conduct as a crime." 43A George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 42.263 (2d ed. West 2001) (hereinafter Dix).

The prohibitions on the passage of ex post facto laws "does not give a defendant a right to be tried, in all respects, by the law in force when the crime charged was committed." *Gibson v. Mississippi*, 162 U.S. 565, 590 (1896); *see also California Dept. of Corrections v. Morales*, 514 U.S. 499, 510 n. 6 (1995); *Dobbert v. Florida*, 432 U.S. 282, 293 (1997); *Cortez v. State*, 36 S.W.3d

---

[5] Not all opinions list the fourth category *but see Carmell v. Texas*, 529 U.S. 513, 522-25 (2000); *Grimes v. State*, 807 S.W.2d 582, 584-86 (Tex. Crim. App. 1991); *Rodriguez v. State*, 45 S.W.3d 685, 689 (Tex. App.—Fort Worth 2001), *aff'd*, 93 S.W.3d 60 (Tex. Crim. App. 2002); *In re A.V.*, 37 S.W.3d 51, 59 n.5 (Tex. App.—Waco 2001, no pet.).

216, 220 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). The intent of the constitutional prohibition was "'to secure substantial personal rights against arbitrary and oppressive legislation . . . and not to limit the legislative control of remedies and modes of procedure which do not affect matters of substance.'" *Dobbert*, 432 U.S. at 293 (quoting *Malloy v. South Carolina*, 237 U.S. 180, 183 (1915) and *Benzell v. Ohio*, 269 U.S. 167, 171 (1925).

The question of what legislative adjustments are sufficient to transgress the constitutional prohibitions is a matter of degree. *Johnson*, 930 S.W.2d at 590*; Cortez*, 36 S.W.3d at 220. The focus of an ex post facto inquiry is whether any legislative change alters the definition of criminal conduct or increases the penalty by which the crime is punishable. *Morales*, 514 U.S. at 506 n.3. The courts engaged in such an inquiry should be concerned solely with whether a statute assigns more disadvantageous criminal or penal consequences to an act than did the law in place when the act occurred. *Weaver v. Graham*, 450 U.S. 24, 29 n.13 (1981); *Grimes*, 807 S.W.2d at 587; *Cortez*, 36 S.W.3d at 220.

Appellant argues that the 2003 amendment to section 15 of article 42.12 of the code of criminal procedure changed the applicable punishment from that affixed by law at the time the offense of possession of cocaine of less than one gram was committed on August 11, 2001. Appellant concedes that the offense under section 481.115(a) of the health and safety code is still a non-aggravated state jail felony punishable under section 12.35(a) of the penal code[6] without the

---

[6] Section 12.35(a), (b) of the penal code provides:

    (a)  Except as provided by Subsection (c), an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.

10

range of penalty being altered by the said 2003 amendment. Community supervision was applicable to this offense within the discretion of the trial court at the time of the commission of the offense and prior to September 1, 2003, the effective date of the 2003 amendment.

The change affected by the 2003 amendment to section 15(a) of article 42.12 is that community supervision (regular probation) is now "mandatory" in certain state jail felony cases in which the judgments have not been entered before September 1, 2003. The trial court is required by section 15(c)(2) to impose substance abuse conditions on the defendants which are consistent with standards adopted by the Texas Board of Criminal Justice under section 509.015 of the government code. Tex. Gov't Code Ann. § 509.015 (West 1998). There is an escape hatch, for a trial court may make an affirmative finding that a defendant does not require the imposition of the condition to successfully complete community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 15(c)(3) (West Supp. 2004-05). Does this "mandatory" imposition of community supervision and requirement of a substance abuse treatment condition constitute a prohibited ex post facto law? Appellant argues that it does. We disagree.

We first take a look at the nature of probation. Article IV, section 11A of the Texas Constitution provides:

> Sec. 11A. The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution

---

> (b) In addition to confinement, an individual adjudged guilty of a state jail felony may be punished by a fine not to exceed $10,000.

Tex. Pen. Code Ann. § 12.35(a), (b) (West 2003).

11

of sentence and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe.

Tex. Const. art. IV, § 11A.

This constitutional section allowing trial courts "after conviction" to suspend the imposition or execution of sentence and to place the defendant on probation is not self-enacting. *McNew v. State*, 608 S.W.2d 166, 175 (Tex. Crim. App. 1978); *State ex rel Smith v. Blackwell*, 500 S.W.2d 97, 101 (Tex. Crim. App. 1973). The enabling act is article 42.12 of the Code of Criminal Procedure. This constitutional provision is a limited grant by the citizens of Texas to the courts to extend clemency. *McNew*, 608 S.W.2d at 175; *Ex parte Giles*, 502 S.W.2d 774, 785 (Tex. Crim. App. 1973). The probation[7] provided is not only clemency, but an arrangement in lieu of "sentence." *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1998). It is a privilege, not a right. *Id*. at 533. There is no fundamental right to receive probation; it is generally within the trial court's discretion to determine whether an individual is entitled to probation. *See Flores v. State*, 904 S.W.2d 129, 130 (Tex. Crim. App. 1995). A defendant normally has no authority to require such clemency. *See Wilson v. State*, 240 S.W.2d 774, 775 (Tex. Crim. App. 1951).

---

[7] Some may wonder about the interchangeable use of the terms "probation" and "community service." In 1993, the Legislature changed the nomenclature from the constitutional use of "probation" to "community supervision" by amending article 42.12 of the Texas Code of Criminal Procedure. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 401, 1993 Tex. Gen. Laws 3586, 3716-43. Whatever the legislative authority to alter constitutional terminology, the only constitutional basis for "community supervision" is article IV, section 11A of the State Constitution providing for "probation." The interchangeable use of the terms is widely accepted. *Speth v. State*, 6 S.W.3d 530, 532 n.6 (Tex. Crim. App. 1998); *Rodriguez v. State*, 939 S.W.2d 211, 220 (Tex. App.—Austin 1997, no pet.); George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 39.01 (2d ed. West 2001).

12

There are three different types of probation in Texas under article IV, section 11A of the Texas Constitution and article 42.12 of the Texas Code of Criminal Procedure: regular, shock, and state jail felony.[8] Their variations can be gleaned from a careful reading of article 42.12. *See also* 43A Dix §§ 39.11-17. In the instant case, we are dealing only with state jail felony probation. *See* 43A Dix § 39.16 for a history of state jail felony probation.

As the parties agree, the legislative goals in enacting the 2003 amendments to section 15 of article 42.12 were to reduce costs to the state and increase the opportunities for substance abuse treatment available to low-level drug offenders. *See* Hearing on House Bill 2668, 78th Legislature, Texas House of Representatives, House Corrections Committee April 1, 2003. If these goals are not expressly stated in the 2003 amendment, they are implicit therein. The legislature's manifest intent will be rejected only where the party challenging the statute provides "the clearest proof" that the statute is actually criminally punitive in operation. *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997); *Rodriguez*, 93 S.W.3d at 67.

The 2003 amendment in question did not alter the criminal conduct or increase the penalty by which the crime (of which appellant was convicted) was punishable at the time it occurred. The amendment did require mandatory clemency in the form of probation rather than leaving probation to the discretion of the trial court. The ex post facto constitutional prohibition

---

[8] There is a fourth type of probation but it is not authorized by article IV, section 11A of the State Constitution which provides for clemency "after conviction." This is deferred adjudication probation or community supervision. It is authorized by the legislature under article III, Section 1 of the State Constitution. *See McNew v. State*, 608 S.W.2d 166, 176 (Tex. Crim. App. 1978) (op. on reh'g). Its statutory provisions are neatly tucked away in article 42.12 of the code of criminal procedure, the enabling act for the said article IV, section 11A. *McNew*, 608 S.W.2d 176; Tex. Code Crim. Proc. Ann. art. 42.12, § 5.

does not limit the legislative control of remedies and modes of procedure that do not affect matters of substance. *Dobbert*, 432 U.S. at 293. Given our discussion, the goals of the legislation, the nature of probation, and the lack of "the clearest proof" by appellant that the 2003 amendment is criminally punitive, we reject appellant's claim that the ex post facto provisions of the federal and state constitutions have been violated. The third issue is overruled.

### "Redundant Probation"

In his first issue, appellant claims that the 2003 amendment to article 42.12, section 15 does not require "'redundant probation' because that would thwart the legislature's intent to reduce costs, it does not serve the legislative purpose of mandating drug treatment before state jail time if a defendant had already received drug treatment as part of deferred adjudication probation, and because such an interpretation is an absurd result which the Legislature could not have intended."

It is the duty of a reviewing court, when interpreting statutes, to effectuate the collective intent or purpose of the legislators who enacted the legislation in question. *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). Effect is given to the literal or "plain" meaning of the statutory text, unless application of the plain language of the statute leads to an absurd result that the legislature could not have intended. *Id.*; *see also Sells v. State*, 121 S.W.3d 748, 761 (Tex. Crim. App. 2003). We have examined the statutory text of section 15 as amended in 2003. We do not find its language to be ambiguous nor that application of the statute would lead to an absurd result. The text would have been plain to the legislators who voted on the bill. We will give the statute its plain meaning.

We agree with appellant that section 15 does not *require* "redundant probation" by virtue of its terms. By the same token, there is nothing in the text that forbids more than one probation in the same case. The statute will, of course, apply to a variety of different cases with different circumstances and complexities subject to its statutory limitations. Section 15 does not expressly or impliedly prohibit what occurred in appellant's case. In fact, the provisions of section 4 of House Bill 2668 that section 15 is applicable to all cases where a judgment has not been entered by September 1, 2003, clearly indicates the legislature had cases like appellant's in mind when enacting the statute.

Even before the 2003 amendment to section 15, it was a common practice in Texas criminal cases, within statutory limitations, to place a defendant on deferred adjudication probation, then later adjudicate guilt for violation of conditions, and immediately place the defendant in the same case on "regular" probation subject to many of the same or similar probationary conditions. *See* Tex. Code Crim. Proc. Ann. art. 42.12, §§ 3, 5 (West Supp. 2004-05).[9] This practice has been

---

[9] Article 42.12, section 5(b) reads in part:

> After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred. A court assessing punishment after an adjudication of guilt of a defendant charged with a state jail felony may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed, regardless of whether the defendant has previously been convicted of a felony.

Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). The exceptions involve defendants who are placed on deferred adjudication probation for offenses listed in article 42.12, section 3(g). *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3(g) (West Supp. 2004-05).

15

particularly followed in criminal cases involving the possession and use of controlled substances. There was really nothing new nor unusual about appellant's case except the limitation upon the trial court's discretion.

Appellant's real complaint does not seem to be "redundant probation" as much as the back to back probationary conditions required in each probation ordering him to a drug treatment center. Appellant argues that the two probations, each with the same or similar conditions about drug treatment centers, violate the spirit of the 2003 amendment to section 15 and the goal of reducing costs of handling low-level drug offenders in the criminal justice system. Appellant has offered no empirical evidence as to the costs of section 15's operation or even the cost in his individual case. Even if the costs were shown to exceed the legislative's expectations, the same would not render appellant's argument valid or entitle him to relief. The other legislative goal was to increase the opportunities for substance abuse treatment available to low-level drug offenders, a goal advanced by the trial court's action.

In light of appellant's complaint about the latest probationary condition confining him to a drug treatment center, we observe that appellant did not ask the trial court for an affirmative finding relieving him from the condition of commitment as provided by article 42.12, section 15(c)(3). Moreover, he did not object to the imposition of the probationary condition so as to preserve error for review. *See* Tex. R. App. P. 33.1; *Speth*, 6 S.W.3d at 535; *Teague v. State*, 864 S.W.2d 505, 510 (Tex. Crim. App. 1993); *Trey v. State*, 16 S.W.3d 75, 76 (Tex. App.—Houston [1st Dist.] 2000, no pet.). The third issue is overruled.

16

The judgment is affirmed.

_____

John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Puryear and Onion*

Affirmed

Filed:   September 10, 2004

Publish

---

*   Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).