In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00103-CR**
_____

**CAROLYN LOEWEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 12-13706**

**MEMORANDUM OPINION**

Appellant Carolyn Loewen appeals from the revocation of her deferred adjudication community supervision and imposition of sentence for credit card abuse. In her sole issue, Loewen argues that the trial court erred by revoking her deferred adjudication community supervision because the trial court had not entered a judgment placing Loewen on deferred adjudication community supervision at the time it revoked her community supervision and adjudicated her

1

guilt. For the reasons set forth below, we overrule Loewen's sole issue and affirm the judgment of the trial court.

## I.    Background

Pursuant to a plea bargain agreement, Loewen pleaded guilty to the offense of credit card abuse, a state jail felony. *See* Tex. Penal Code Ann. § 32.31(b)(1)(A), (d) (West 2011). In connection with her plea, Loewen signed a written judicial admission, dated August 4, 2014, acknowledging her guilt, and the admission was entered into the record in this cause. On the same date, the trial court entered a "Deferred Adjudication Order" (the "August 4, 2014 order"), in which the trial court found the evidence sufficient to establish Loewen's guilt, but deferred further proceedings without entering an adjudication of guilt and placed Loewen on community supervision for a period of four years. The August 4, 2014 order expressly set forth the conditions with which Loewen was required to comply as part of her community supervision and ordered Loewen to pay a fine of $750 and restitution in the amount of $993. The August 4, 2014 order was signed by both the trial judge and Loewen.

Thereafter, a new trial court judge was elected and assumed the bench, effective January 1, 2015. On February 23, 2015, the State filed a motion to adjudicate guilt, alleging that Loewen violated certain conditions of her deferred

2

adjudication community supervision. On the following day, a capias was issued for her arrest.

On March 18, 2016, the trial court held a hearing on the State's motion to adjudicate guilt. During the hearing, Loewen pleaded "true" to the violations alleged by the State. At the conclusion of the hearing, the trial court found the evidence sufficient to establish that Loewen violated the terms of her community supervision, revoked her community supervision, found her guilty of the offense of credit card abuse, and sentenced her to a term of fourteen months in state jail. The trial court entered a written judgment adjudicating Loewen's guilt on March 18, 2016. On April 4, 2016, Loewen filed her notice of appeal.

On April 5, 2016, the trial court signed an order entitled "Order of Deferred Adjudication" (the "April 5, 2016 order"). The April 5, 2016 order reflects the trial court's August 4, 2014 rulings deferring an adjudication of Loewen's guilt, placing Loewen on community supervision, and requiring Loewen to pay a fine of $750 and restitution in the amount of $993. However, unlike the August 4, 2014 order, the April 5, 2016 order contains additional factual recitals regarding the case, including, among other things, information regarding the offense with which Loewen was charged, the type of charging instrument used, Loewen's plea to the charged offense, and the terms of Loewen's plea bargain. The April 5, 2016 order

is signed by the trial judge who presided over the March 18, 2016 revocation hearing.

## II.    Discussion

In her sole issue on appeal, Loewen argues that the trial court erred when it revoked her deferred adjudication community supervision. Specifically, Loewen contends that although the trial court entered an order placing her on deferred adjudication community supervision on August 4, 2014, at the time she entered her guilty plea, the trial court did not enter a "judgment" authorizing her placement on deferred adjudication community supervision at that time. She argues that it was not until April 5, 2016—over two weeks after the trial court revoked her community supervision and adjudicated her guilt—that the trial court attempted to correct the purported error and entered a "judgment nunc pro tunc" in the form of the April 5, 2016 order authorizing her placement on deferred adjudication community supervision. She contends, however, that under Texas Rule of Appellate Procedure 23.1, the trial court no longer had jurisdiction to enter a judgment nunc pro tunc on April 5, 2016, because Loewen had already filed her notice of appeal on April 4, 2016. As such, Loewen contends that the trial court never entered a judgment that had the effect of authorizing her placement on deferred adjudication community supervision, and that "[i]f there was no judgment

4

in place, then [she] could not have violated any provision of the judgment." We disagree.

"A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant." Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West Supp. 2016). When a trial court places a defendant on deferred adjudication community supervision, there is no adjudication of guilt by the trial court. *See id.* art. 42.12, § 5(a). Without an adjudication of guilt, there is no conviction.[1] *McNew v. State*, 608 S.W.2d 166, 172 (Tex. Crim. App. 1978); *see also Donovan v. State*, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002). Similarly, no acquittal occurs at the time the trial court defers an adjudication of guilt and places a defendant on community supervision. *See Holcomb v. State*, 146 S.W.3d 723, 730 (Tex. App.—Austin 2004, no pet.). Because there is no conviction or acquittal, there is no judgment to be entered at the time the trial court places a defendant on deferred adjudication community supervision. *Id.*; *Garcia v. State*, 29 S.W.3d 899, 900 (Tex. App.—Houston [14th

---

[1] We recognize that there are certain situations in which a defendant's placement on deferred adjudication community supervision is deemed a conviction for limited purposes. *See* Tex. Penal Code Ann. §§ 12.42(c)(2)(B), (g)(1), 22.01(b)(2)(A), (f)(1) (West Supp. 2016); *Ex parte White*, No. WR-48,152-08, 2016 WL 6496674, at *4 n.30 (Tex. Crim. App. Nov. 2, 2016); *Ex parte Cooke*, 471 S.W.3d 827, 830-31 (Tex. Crim. App. 2015); *Scott v. State*, 55 S.W.3d 593, 595-96 (Tex. Crim. App. 2001). None of these situations is present in this case.

Dist.] 2000, no pet.). We therefore reject Loewen's contention that the trial court was required to enter a judgment at the time it placed her on deferred adjudication community supervision in order for her community supervision to take effect. Loewen's community supervision became effective when the trial court entered the August 4, 2014 order, which expressly set forth the trial court's rulings deferring an adjudication of Loewen's guilt and placing her on community supervision for a period of four years. Any acts or omissions by Loewen in violation of the conditions of her community supervision that occurred following the entry of the August 4, 2014 order and during the community supervision period could properly form the basis of a motion to adjudicate Loewen's guilt.

The trial court retains jurisdiction to hear a motion to adjudicate guilt if the State files the motion and the court issues the capias before the expiration of the community supervision period. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(h). Here, it is undisputed that the State moved to adjudicate Loewen's guilt and the trial court issued the capias for Loewen's arrest before the expiration of the community supervision period. Therefore, the trial court was statutorily authorized and had jurisdiction to hear the State's motion and to adjudicate Loewen's guilt on March 18, 2016. *See id.*

We also address Loewen's arguments regarding the nature and effect of the April 5, 2016 order. Although Loewen contends that the trial court improperly entered the April 5, 2016 order as a "judgment nunc pro tunc," nothing in the record reveals the trial court's reasons for entering the April 5, 2016 order. Contrary to Loewen's argument, the April 5, 2016 order does not constitute a judgment because it does not "show[] the conviction or acquittal of the defendant." *Id*. art. 42.01, § 1; *see also Holcomb*, 146 S.W.3d at 730. Instead, it is an order that appears to restate the trial court's August 4, 2014 rulings placing Loewen on deferred adjudication community supervision and requiring Loewen to pay a fine and restitution, while also setting forth additional factual recitals regarding the case. The April 5, 2016 order does not expressly indicate that it is a nunc pro tunc order, and based on the record before us, it does not appear to correct any clerical errors in the August 4, 2014 order.[2] *See Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012) (noting that the purpose of a judgment nunc pro tunc is to correct clerical errors in the trial court's judgment "when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record"); *Homan v. Hughes*, 708 S.W.2d 449, 454 (Tex. Crim. App. 1986)

[2] The record on appeal does not contain a transcript of the original plea hearing on August 4, 2014. However, based upon our review of the August 4, 2014 and April 5, 2016 orders, the April 5, 2016 order does not appear to correct any part of the August 4, 2014 order.

7

(concluding that the trial court could properly enter a nunc pro tunc order to correct an error in an order deferring an adjudication of guilt to reflect the proper offense for which defendant's guilt was deferred). Nevertheless, to the extent the trial court entered the April 5, 2016 order as a nunc pro tunc order to correct unspecified clerical errors in the August 4, 2014 order, we note that the April 5, 2016 order was entered after the trial court entered its judgment adjudicating Loewen's guilt on March 18, 2016. When a defendant is placed on deferred adjudication community supervision and the defendant's guilt is later adjudicated, "the order adjudicating guilt sets aside the order deferring adjudication[.]" *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004); *see also Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.); *Torres v. State*, No. 05-01-00338-CR, 2002 WL 1603201, *2 (Tex. App.—Dallas July 22, 2002, no pet.) (not designated for publication) ("By adjudicating guilt, the trial court renders its previous order deferring adjudication of guilt and imposing community supervision a nullity."). Accordingly, the trial court's March 18, 2016 judgment adjudicating Loewen's guilt effectively set aside the August 4, 2014 order deferring adjudication, and there was no deferred adjudication order to correct at the time the trial court entered the April 5, 2016 order. *See Taylor*, 131 S.W.3d at 502. Thus, the April 5, 2016 order, to the extent it was entered as a nunc pro tunc order, was of no effect.

8

On the other hand, if the April 5, 2016 order was not entered by the trial court as a nunc pro tunc order, the April 5, 2016 order, as noted, merely restates the trial court's August 4, 2014 rulings placing Loewen on deferred adjudication community supervision and ordering her to pay a fine and restitution. It does not reflect any new rulings by the trial court. Because the trial court's August 4, 2014 rulings were set aside by the March 18, 2016 judgment adjudicating Loewen's guilt, the April 5, 2016 order, to the extent it was not entered as a nunc pro tunc order, simply reflects rulings by the trial court that are no longer in effect. Therefore, under the facts of this case, we conclude that the April 5, 2016 order is a nullity. We overrule Loewen's sole issue on appeal and affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on November 1, 2016
Opinion Delivered December 7, 2016
Do not publish

Before Kreger, Horton, and Johnson, JJ.

9