**Randle Dewayne MURDOCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 889–93.

Court of Criminal Appeals of Texas.

Nov. 16, 1993.

Discretionary Review Refused
Nov. 17, 1993.

Dick DeGuerin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Alan Curry, Asst. Dist. Atty., Houston, for State.

PER CURIAM.

A jury convicted Appellant of illegal investment and assessed punishment at confinement for twenty-five years and a fine of $300,000.00. The Court of Appeals has reversed that conviction under this Court's opinion in *Grunsfeld v. State,* 843 S.W.2d 521 (Tex.Cr.App.1992). *Murdock v. State,* 856 S.W.2d 262 (Tex.App.—Texarkana, delivered June 15, 1993). The State and Appellant have filed petitions for discretionary review with this Court.

■  Appellant has applied to this Court, pursuant to Article 44.04(h) of the Code of Criminal Procedure, to set a reasonable bail pending final determination of the appeal. The Court of Appeals has already set bail pursuant to Appellant's request under Art. 44.04(h). Thus, we are presented with the issue of whether Art. 44.04(h) authorizes this Court to set bail when the Court of Appeals has already done so under this statute.

Article 44.04(h) provides:

If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. *If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail. If the defendant requests bail after a petition for discretionary review has been filed, the Court of Criminal Appeals shall determine the amount of bail.* The sureties on the bail must be approved by the court where the trial was had. The defendant's right to release under this subsection attaches immediately on the issuance of the Court of Appeals' final ruling as defined by Tex.Cr. App.R. 209(c). [emphasis added].

In accord with principles of statutory construction, we attempt to give effect to the intent of the legislature in enacting this statute by interpreting the literal language of the statute. *Boykin v. State,* 818 S.W.2d 782 (Tex.Cr.App.1991). The purpose of the statute is to allow a defendant reasonable bail when his conviction is reversed by the Court of Appeals. However, the underlined portion of the statute is susceptible to two reasonable and different interpretations.

First, Art. 44.04(h) does not expressly authorize or forbid this Court from setting bail once the Court of Appeals has done so. It simply does not address this issue. A literal reading of the statute's "shall" language requires that this Court set bail if requested, after a petition for discretionary review has been filed, regardless of whether the Court of Appeals has already done so. Therefore, if the defendant requests bail at the specified time—before or after the filing of a petition—the particular court provided in the statute *must* set bail. There is no conditional language prohibiting this Court from setting bail if the Court of Appeals has already done so.

■ The second interpretation is that the underlined sentences are mutually exclusive. The statute provides a forum in the Court of Appeals when that court still has jurisdiction over the case—before a petition has been filed; and a forum in this Court if the defendant has not requested bail in the Court of Appeals. Although the statute does not expressly prohibit this Court from setting bail, by specifying two distinct times and courts, the implication is that a defendant may request bail only one time from one court since the point of the statute is to permit the defendant to have bail set. Once bail is set by the Court of Appeals, the purpose and language of the statute are satisfied and a defendant may not attempt to get another and different bail amount set by this Court. Because the fair, objective meaning of the text of the statute is subject to these two interpretations, we turn to legislative history for the possibility of clarification. *Boykin,* supra.

In 1981 a provision subsection (h) was added to Art. 44.04. It allowed a defendant

bail if his conviction was reversed by the Court of Appeals.

When a conviction is reversed by a decision of a Court of Appeals and the State files a petition for discretionary review, the defendant, if in custody, shall be entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of the appeal. The Court of Criminal Appeals shall determine the amount of bail, but the sureties on the bail must be approved by the court where the trial was had.

In 1983 Art. 44.04(h) was amended merely to expand the time at which a defendant could request bail to include the State's filing of a motion for extension of time to file a petition for discretionary review.

When a conviction is reversed by a decision of a Court of Appeals and the State files a petition for discretionary review, *or a motion for an extension of time in which to file a petition for discretionary review,* the defendant, if in custody, shall be entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of the appeal.

In 1985 the House of Representatives Committee on Criminal Jurisprudence proposed House Bill 44. The purpose of this bill was to provide for release on bail of a defendant in custody during the interim period between the Court of Appeals' reversal and the state's filing of a petition or motion in the Court of Criminal Appeals. House Bill 44, 69th Legislature Regular Session, "Bill Analysis." To accomplish this the bill proposed deleting the provision establishing the time for a defendant's request for bail as occurring upon the filing of a petition or extension of time to file a petition. The bill initially proposed by the House provided:

If [When] a conviction is reversed by a decision of a Court of Appeals [and the State files a petition for discretionary review, or a motion for an extension of time in which to file a petition for discretionary review], the defendant, if in custody, is [shall be] entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an [the] appeal by the state or the

defendant on a motion for discretionary review. The Court of Criminal Appeals shall determine the amount of bail, but the sureties on the bail must be approved by the court where the trial was had. The defendant's right to release under this subsection attaches immediately on the issuance of the court of Appeals' final ruling as defined by Tex.Cr.App.R. 209(c).

Neither HB 44 nor the public hearing concerning the bill included any mention of a provision permitting the Court of Appeals to determine the amount of bail. House Tapes for House Bill 44, Public Hearing, March 25, 1985. The focus was on granting a defendant the right to reasonable bail immediately after the Court of Appeals' reversal, rather than making a defendant wait for a petition or motion to be filed. No mention was made or consideration given to changing the statute to permit the Court of Appeals to set bail.

The Criminal Justice Committee of the Senate proposed a substitute for HB 44 in the language which is contained in the statute today. This version included the provision that the Court of Appeals shall determine the amount of bail if the defendant requests bail before a petition for discretionary review is filed. The tape recordings of the hearings on the Senate substitute for HB 44 reveal there was no discussion of the Senate's change which conferred authority on the Court of Appeals to set bail. Senate Tapes for House Bill 44, Public Hearing, April 30, 1985; Second Reading, May 23, 1985; Third Reading, May 23, 1985.

None of the legislative tapes, bill analyses, or other documents reveal any discussion of intent to foreclose a defendant from coming to this Court to request a bail setting even if he had already gone to the Court of Appeals. Most probably the issue was simply never considered. Therefore, legislative history does not provide a clear answer to the question of whether a defendant may request bail in this Court despite having done so in the Court of Appeals.

Because the legislative intent regarding this issue is not evident, we again look to the language of the Art. 44.04(h), the purpose of the statute, and policy reasons for interpreting the statute one way or the other. The purpose of Art. 44.04(h) and the amendments made to it is to provide a defendant who is in custody when the Court of Appeals reverses his conviction, the right to have a reasonable bail set. The 1985 amendment was not added to provide the defendant with a way to apply for bail twice. Rather, it was meant to permit a defendant to have bail set quickly and not wait until a petition for discretionary review was filed. The language suggests that the defendant may apply either to the Court of Appeals immediately *or* wait and apply to this Court after a petition is filed. If a defendant applies to the Court of Appeals he has made a choice between two mutually exclusive provisions in requesting bail. Once bail is set by the Court of Appeals, the purpose of the statute is achieved and the language of the statute is followed. Therefore, a defendant may not have bail set by this Court under Art. 44.04(h) because the Court of Appeals has already done so.

In the instant case the Court of Appeals has already set bail pursuant to Appellant's request under Art. 44.04(h). Accordingly, Appellant is not entitled to have this Court again consider a bail request under this provision. Appellant's request for bail is dismissed.