**Charles CORTEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 14–00–01241–CR to
14–00–01246–CR.

Court of Appeals of Texas,
Houston(14th Dist.).

Jan. 11, 2001.

Randy Schaffer, Houston, TX, for appellants.

William J. Delmore, III, Houston, TX, for appellees.

Panel consists of Justices ANDERSON, FOWLER, and EDELMAN.

## OPINION

ANDERSON, Justice.

Appellant, Charles Cortez, appeals the trial court's order denying bond pending an appeal from his conviction on six counts of bribery. Appellant's punishment was assessed on each count at ten years confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000. On appeal, appellant complains the trial court erred in denying bond by applying the recently amended article 44.04(b) of the Texas Code of Criminal Procedure to his cases. Appellant contends the current article 44.04(b) as applied to him "violates the ex post facto, retroactivity, due course of law, and equal protection provisions of the Texas Constitution." We affirm.

Former article 44.04(b) of the Texas Code of Criminal Procedure provided for the denial of bail pending an appeal from a felony conviction where the punishment assessed exceeded fifteen years. Act of

May 30, 1983, 68th Leg., R.S., ch. 425, § 26, 1983 Tex. Gen. Laws 2361, 2416; Act of March 21, 1991, 72nd Leg., R.S., ch. 14, § 284(5), 1991 Tex. Gen. Laws 42, 232 (amended 1999) (current version at TEX. CODE CRIM. PROC. ANN. art. 44.04(b) (Vernon Supp.2000)) (hereinafter referred to as "Former article 44.04(b)"). In 1999, the Texas Legislature amended article 44.04(b) to authorize the denial of bail pending an appeal from a felony conviction where the punishment assessed equals or exceeds ten years. TEX.CODE CRIM. PROC. ANN. art. 44.04(b) (Vernon Supp.2000). The Legislature made the amendment effective September 1, 1999, and applicable to a request for bail pending appeal that is made by a defendant on or after the effective date. Act of May 19, 1999, 76th Leg., R.S. ch. 546, §§ 2 & 3, 1999 Tex. Gen. Laws 3042.

Other than the commission of the offenses, which took place in 1997 and 1998, all acts related to the indictment, prosecution of the offense, conviction, and appeal of the conviction took place after the amendment to article 44.04(b) went into effect. The grand jury indicted appellant in October, 1999 and issued subsequent indictments on the same causes in May, 2000. A jury convicted appellant later that month and appellant filed his notice of appeal in June, 2000. In September, 2000, appellant filed a motion for bail pending appeal, which the trial court denied. Because appellant did not request bail pending appeal until after the effective date of the amendment, the current amended article 44.04(b) governed the trial court's authority to set bail pending his appeal.

■ In his first point of error, appellant claims the amended article as applied to him violates the constitutional guarantees against *ex post facto* and retroactive laws in Article I, section 16 of the Texas Constitution. The *ex post facto* provision of the Texas Constitution operates to prohibit the application of statutes that (1) punish as a crime an act previously committed, which was innocent when done; (2) change the punishment and inflict greater

punishment than the law attached to a criminal offense when committed; or (3) deprive a person charged with a crime of any defense available at the time the act was committed. *Lopez v. State*, 928 S.W.2d 528, 534 (Tex.Crim.App.1996); *Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim.App.1994); *Grimes v. State*, 807 S.W.2d 582, 587 (Tex.Crim.App.1991); *c.f. Carmell v. Texas*, 529 U.S. 513, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000). Appellant concedes that the application of the amended article does not inflict a greater punishment attached to the criminal offense of bribery at the time he allegedly committed the offenses. He argues that the application of the amended article alters "the punishment to his disadvantage by compelling him to commence service of prison sentences before his appeal is resolved." Appellant claims he will be irreparably harmed by the denial of bail and the commencement of confinement should his convictions be reversed on appeal because "he will have served at least a year or more that he can never get back."

■ The prohibition on the passage of an *ex post facto* law "does not give a criminal a right to be tried, in all respects, by the law in force when the crime charged was committed." *Gibson v. Mississippi*, 162 U.S. 565, 590, 16 S.Ct. 904, 40 L.Ed. 1075 (1896); *Dobbert v. Florida*, 432 U.S. 282, 293, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977); *see also California Dept. of Corrections v. Morales*, 514 U.S. 499, 510 n. 6, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). Nor does it require "that the sentence be carried out under the identical legal regime that previously prevailed." *Morales*, 514 U.S. at 510 n. 6, 115 S.Ct. 1597. Moreover, the *ex post facto* prohibition does not forbid any legislative change that has any conceivable risk of affecting a prisoner's punishment. *Id.* at 508, 115 S.Ct. 1597. The intent of the constitutional prohibition was " 'to secure substantial personal rights against arbitrary and oppressive legislation, ... and not to limit the legislative control of remedies and

modes of procedure which do not affect matters of substance.'" *Dobbert*, 432 U.S. at 293, 97 S.Ct. 2290 (quoting *Malloy v. South Carolina*, 237 U.S. 180, 183, 35 S.Ct. 507, 59 L.Ed. 905 (1915) and *Beazell v. Ohio*, 269 U.S. 167, 171, 46 S.Ct. 68, 70 L.Ed. 216 (1925)).

 The question of what legislative adjustments are sufficient to transgress the constitutional prohibition is a matter of degree. *Id.* at 509, 35 S.Ct. 507; *Johnson v. State*, 930 S.W.2d 589, 590 (Tex.Crim. App.1996). The focus of an *ex post facto* inquiry is not on whether a legislative change alters the situation of a party to his disadvantage. *Collins v. Youngblood*, 497 U.S. 37, 50, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990) (overruling *Kring v. Missouri*, 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506 (1883) and *Thompson v. Utah*, 170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061 (1898)). Neither is it on "whether an amendment affects a prisoner's *'opportunity'* to take advantage of provisions for early release.'" *Morales*, 514 U.S. at 506 n. 3, 115 S.Ct. 1597. (emphasis added) Instead, the focus of an *ex post facto* inquiry is on "whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *Id.* "When a court engages in *ex post facto* analysis, [it should be] concerned solely with whether a statute assigns more disadvantageous criminal or penal consequences to an act than did the law in place when the act occurred...." *Grimes v. State*, 807 S.W.2d 582 (Tex.Crim.App.1991) (quoting *Weaver v. Graham*, 450 U.S. 24, 29 n. 13, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981)). Therefore, in evaluating the constitutionality of amended article 44.02(b), we must determine whether the application of current article 44.04(b) to appellant and those similarly situated produces a sufficient risk of increasing the measure of punishment attached to the offense of bribery than the former article. *Morales*, 514 U.S. at 509,

115 S.Ct. 1597; *Johnson*, 930 S.W.2d at 590.

The current article 44.04(b), as applied to appellant, does not operate to punish or deprive appellant in any manner described above. Although the new statute as applied to appellant allows the State to commence punishment earlier than others who committed an offense before the effective date of the amended article, the application of article 44.04(b) does not change the measure of punishment to a level greater than the law in effect when appellant committed the felonious acts. While bail pending appeal may have the practical effect of eliminating punishment should a conviction be reversed on appeal, it does not operate to change the punishment imposed for a conviction of an offense at the time of its commission. Therefore, the current article 44.04(b), as applied to appellant, is not an *ex post facto* law.[1]

 Appellant also contends the application of article 44.04(b) is a retroactive law. The retroactive laws provision of the Texas Constitution operates "to prohibit the application of statutes which disturb vested, substantive rights." *Ibarra v. State*, 11 S.W.3d 189, 192 (Tex.Crim.App. 1999), *cert. denied*, —— U.S. ——, 121 S.Ct. 79, 148 L.Ed.2d 41 (2000); Tex. Const. art. I, § 16. Laws that alter procedure only do not generally fall within the prohibition. *Id.*

 At the time appellant committed the offenses in 1997 and 1998, a defendant who had been convicted of a felony offense was eligible for an appeal bond if his sentence was fifteen years or less. *See above* Former article 44.04(b). At that time, the procedural mechanisms defining eligibility for the bond were neither vested nor substantive rights possessed by appellant. *Cf. Fowler v. State*, 991 S.W.2d 258, 261 (Tex. Crim.App.1999) (holding no vested right to harm analysis rule applicable at time of

---

1. Federal courts have reached a similar result in analyzing an analogous issue under the Bail Reform Act. *See U.S. v. McCahill*, 765 F.2d 849 (9th Cir., Cal.Cir.1985); *United States v. Ballone*, 762 F.2d 1381 (11th Cir., Fla.Cir.1985).

offense). The current article makes convicted felons, like appellant, ineligible for an appeal bond. TEX.CODE CRIM. PROC. ANN. art. 44.04(b) (Vernon Supp.2000). It neither limits appellant's right of appeal nor increases his sentence; it is simply a procedural statute governing the post-conviction process. *Cf. Grimes*, 807 S.W.2d at 588 (holding change in criminal procedure article 44.29(b) requiring remand case for punishment hearing only instead of new trial was not retroactive law). Therefore, the currently effective article 44.04(b) does not violate the prohibition against retroactive laws in the Texas Constitution. Accordingly, we overrule appellant's first point of error.

■ In his second point of error, appellant contends the application of the current amended statute denies him due course of law under article I, section 19 of the Texas Constitution by "depriv[ing] him of his liberty interest to bail pending appeal for no legitimate reason." Article I, section 19 provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of law of the land." TEX. CONST. art. I, § 19.

Appellant maintains that had he been indicted in 1998, tried before September, 1999, and sentenced to ten years in prison, he would have been entitled to bail pending appeal. However, because he was indicted in October of 1999, the month after the amended statute went into effect and tried in May of 2000 for offenses committed in 1997 and 1998, he was not eligible for bail pending appeal. Appellant implies that the State arbitrarily delayed the indictments "to obtain the benefit of a statutory amendment" that denied him of his liberty interest in bail pending appeal.[2] The record, however, is devoid of any evidence that the State delayed filing the indictments until after the effective date of the amended article. To the contrary, the record reflects that appellant received due course of law even though he did not have a liberty interest under the amended article.

■ "There is no federal or state constitutional right to bail pending appeal as there is to pretrial bail." *Dallas v. State*, 983 S.W.2d 276, 278 n. 1 (Tex.Crim. App.1998) (citing *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 3–4, 96 L.Ed. 3 (1951)). Nevertheless, an appellant may have a liberty interest in bail that requires the protection of the due course of law provision under the Texas Constitution if he is eligible for bail pending appeal under article 44.04 of the Texas Code of Criminal Procedure. *Shockley v. State*, 717 S.W.2d 922, 924–25 (Tex.Crim.App.1986); *see also Smith v. State*, 993 S.W.2d 408, 412 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd); *Robinson v. State*, 700 S.W.2d 710, 712 (Tex.App.–Houston [14th Dist.] 1985, no pet.). When a liberty interest is implicated, the convicted felon is entitled to procedural protections to insure that the discrepancy is not arbitrary. *Ex parte Patterson*, 740 S.W.2d 766, 772 (Tex.Crim. App.1987), *overruled on other grounds by Ex parte Beck*, 769 S.W.2d 525 (Tex.Crim. App.1989). Procedural due process requires at a minimum that the trial court give notice and hold a hearing prior to the denial of bail pending appeal. *Shockley*, 717 S.W.2d at 926.

Under the current amended article 44.04(b), appellant has no liberty interest in bail pending appeal because he is not eligible for bail under this statute. Nevertheless, he received the essential components of the due course of law. He had notice in writing in the form of indictments alleging bribery, a hearing in the form of a trial leading to a conviction of six counts of bribery, and a hearing following the convictions on his motion for bail pending appeal. Because there is no evidence that the State acted arbitrarily in filing the

---

2. Appellant argues that "[t]he State should not be permitted, by the timing of the indictments, to obtain the benefit of a statutory amendment that would deny a defendant his liberty interest in bail pending appeal."

indictments after the effective date of the amended article and because appellant received due process, we overrule appellant's second point of error.

■ In his third point of error, appellant contends the application of the amended article 44.04(b) denies him the equal protection of law under the Texas Constitution. Appellant did not raise the equal protection argument in his motions for bail pending appeal, but he did raise it at the hearing on the motions. Therefore, we will consider the issue on appeal.

■ The Texas Constitution provides that "[a]ll free men ... have equal rights and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services." TEX. CONST. art. I, § 3. Yet, the Legislature may enact legislation that appears to affect similarly situated people differently. *Faerman v. State,* 966 S.W.2d 843, 847 (Tex.App.–Houston [14th Dist.] 1998, no pet.) (citing *Clark v. State,* 665 S.W.2d 476, 480 (Tex.Crim.App.1984)). "Absent an interference with the exercise of a 'fundamental' right or burden on a 'suspect' class, classifications will not be set aside on equal protection grounds if they are rationally related to a legitimate state interest." *Faerman,* 966 S.W.2d at 847; *see also Cannady v. State,* 11 S.W.3d 205, 214 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 121 S.Ct. 125, 148 L.Ed.2d 80 (2000).

Appellant contends he "belongs to the narrow class of criminal defendants who were sentenced to 15 years or less, and whose offenses were bailable and were committed before September 1, 1999." Appellant maintains there is no rational basis to treat him, a defendant sentenced after the effective date, more harshly than similarly situated defendants, who were sentenced before the effective date.

■ The right to an appeal bond, like the right to appeal, does not create a suspect class or infringe on a fundamental right. *See Faerman,* 966 S.W.2d at 847. Moreover, the classification established by the Legislature in article 44.04(b) is ration-

ally related to a legitimate state interest, *i.e.,* the prevention of convicted felons from fleeing the jurisdiction and escaping punishment during the pendency of their appeals. *See Compian v. State,* 7 S.W.3d 199, 202 n. 3 (Tex.App.–Houston [14th Dist.] 1999, no pet.) (discussing alternative approach to setting appeal bond based on recognition that convicted defendant might flee). While a convicted felon sentenced to fifteen years confinement may be no more likely than one assessed a sentence of less than ten years to flee the jurisdiction during the pendency of his appeal, the Legislature is justified in drawing and redrawing a line between those that qualify for an appeal bond and those that do not. *Cf. Cannady,* 11 S.W.3d at 215. Drawing the line on the basis of the term of punishment assessed appears to be a legitimate place for the Legislature to draw that line. *Cf. id.; Henderson v. State,* 962 S.W.2d 544, 563 (Tex.Crim.App.1997), *cert. denied,* 525 U.S. 978, 119 S.Ct. 437, 142 L.Ed.2d 357 (1998). Appellant's third issue is overruled.

Finding no reversible error, we affirm the order of the court below.