NO. 07-08-0343-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 8, 2009

______________________________

LUDWIG CANALES, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-414,494; HON. CECIL G. PURYEAR, PRESIDING

_______________________________

Abatement and Remand

______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Ludwig Canales appeals from an order denying his motion for bail pending appeal.  He contends that the trial court erred because it ruled upon his request without affording him a hearing or executing findings of fact or conclusions of law.  Both he and the State agree that he qualified for bond under art. 44.04(c) of the Texas Code of Criminal Procedure.  Both also cite us to authority holding that one who qualifies for bond under that statute and requests same is entitled to a hearing on the matter.  
See Cruz v. State, 
No. 09-96-006-CR, 1997 Tex. App. 
Lexis
 346 at *6 (Tex. App.–Beaumont January 29,1997, no pet.) (not designated for publication) (reversing and remanding for a hearing so the trial court could consider a request for bail)
; Cortez v. State, 
36 S.W.3d 216, 221 (Tex. App.– Houston [14
th
 Dist.] 2001, pet. ref’d) (so holding)
.  Both also agree that the trial court denied appellant’s request for bail pending appeal without convening a hearing.  

Thus, we abate the appeal from the order denying bail or bond pending appeal, and remand the cause for a hearing on appellant’s request for bond or bail on appeal.  The hearing shall be convened and the request decided within 60 days from the date of this memorandum opinion.  We further direct the trial court to enter findings of fact and conclusions of law supporting whatever decision it makes regarding the request, include them in a supplemental clerk’s record, and cause the supplemental record to be filed with the clerk of this court within the same 60 day time period.  However, we do not suggest whether the request should be granted or denied for that is a matter within the trial court’s discretion.  
Ex parte Spaulding, 
612 S.W.2d 509, 511 (Tex. Crim. App. 1981) (stating that a trial court’s ruling on a request for bail is reviewed for abuse of discretion).  

Per Curiam

Do not publish.