**Marcus Lee TUCKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–03–00608–CR.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

May 13, 2009.

Bob Wicoff, Houston, for Appellant.

Kenneth Magidson, Dist. Atty., Eric Kugler, Asst. Dist. Atty., William J. Delmore, III, Chief Pros., Appellate Division, Houston, for State.

Before Chief Justice VALDEZ and Justices YAÑEZ and HILL.[2]

## ORDER

PER CURIAM.

The State of Texas moves to revoke the bond of Marcus Lee Tucker pending his appeal of his conviction for aggravated assault. The State urges that Tucker is not now eligible for appeal because he was convicted of the offense of aggravated assault and his punishment was assessed at thirty-five years in the Texas Department of Criminal Justice. We grant the State's motion.

Tucker appealed his conviction. This court reversed the judgment, finding that the evidence was legally insufficient to support it. *Tucker v. State,* 221 S.W.3d 780 (Tex.App.-Corpus Christi 2007), *rev'd, Tucker v. State,* 274 S.W.3d 688 (Tex.Crim. App.2008). At that time, based upon article 44.04(h) of the Texas Code of Criminal Procedure, we set bail for Tucker pending his appeal. Upon the State's appeal from our decision, the Texas Court of Criminal Appeals reversed our judgment, holding that the evidence was legally sufficient to support Tucker's conviction and remanding the case back to this court for our determination of Tucker's remaining issues on appeal. *Tucker,* 274 S.W.3d at 692. Subsequently, the Texas Court of Criminal Appeals has overruled Tucker's motion for rehearing. Consequently, the case is now before this court for our determination.

Article 44.04(b) of the Texas Code of Criminal Procedure provides in part that a defendant may not be released on bail pending the appeal from any felony conviction where the punishment equals or exceeds 10 years confinement. TEX.CODE CRIM. PROC. ANN. art. 44.04(b) (Vernon 2006). Inasmuch as the defendant's punishment exceeded ten years of confinement, he was not originally entitled to bail on appeal. He became eligible for bail because of the provisions of article 44.04(h) of the Texas Code of Criminal Procedure. *Id.* 44.04(h) (Vernon 2006). It provides, in part:

2. Retired Justice John Hill assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

If a conviction is reversed by a decision of a court of appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review.

*See id.*

The State appealed our original decision by filing a petition for discretionary review with the Texas Court of Criminal Appeals. While Tucker's conviction is not yet final, that appeal by petition for discretionary review has been finally determined. Consequently, Tucker is no longer eligible for bail on appeal.

It could be argued that the intent of Article 44.04(h) is that, under the situation described, Tucker's bail remains effective until a final determination of this case on appeal to the Texas Court of Criminal Appeals. Article 44.04(h) was amended in 1985 to provide for release on bail of a defendant in custody during the interim period between the Court of Appeals reversal and the State's filing of a petition or motion in the Court of Criminal Appeals. *Murdock v. State,* 870 S.W.2d 41, 42 (Tex. Crim.App.1993). Prior to the amendment, article 44.04(h) provided that the defendant was entitled to release on reasonable bail, pending final determination of the appeal. *Id.* Subsequent to the amendment, article 44.04(h) now provides that the defendant is entitled to release on reasonable bail, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. TEX.CODE CRIM. PROC. art. 44.04(h). We construe the amendment to clarify that appellant's right to bail does not continue to exist until his appeal of his conviction is finally determined, but only until, as in this case, there has been a final determination by the Texas Court of Criminal Appeals on the State's petition for discretionary review. Accordingly, we grant the State's motion to revoke appellant's bond pending appeal. We direct the trial court to take appropriate action to effectuate the revocation of appellant's bond.

It is so ORDERED.