Order filed September 6,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00363-CR

                                                    __________

 

                                         RUDY
VILLA, Appellant 

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 106th District Court

 

                                                            Gaines
County, Texas

 

                                                    Trial
Court Cause No. 09-4013

 



 

                                                                     O
R D E R

            On
May 24, 2012, this court issued its opinion and judgment reversing Rudy Villa’s
conviction for aggravated sexual assault and remanding the cause to the trial
court.   On July 23, 2012, appellant filed a motion for reasonable bail pending
final disposition of appeal.  While that motion remained pending, the State
filed its petition for discretionary review on July 26, 2012.  This court overruled
the motion for reasonable bail on August 2, 2012.  Appellant has now filed a
motion for reconsideration of this court’s prior order overruling the motion
for reasonable bail.  We dismiss the motion for reconsideration for want of
jurisdiction.  




 

            Tex. Code Crim. Proc. Ann. art. 44.04(h) (West 2006) provides
as follows:            

            (h) If a conviction is reversed by a decision of
a Court of Appeals, the defendant, if in custody, is entitled to release on
reasonable bail, regardless of the length of term of imprisonment, pending
final determination of an appeal by the state or the defendant on a motion for
discretionary review.  If the defendant requests bail before a petition for
discretionary review has been filed, the Court of Appeals shall determine the
amount of bail.  If the defendant requests bail after a petition for
discretionary review has been filed, the Court of Criminal Appeals shall
determine the amount of bail.  The sureties on the bail must be approved by the
court where the trial was had.  The defendant’s right to release under this
subsection attaches immediately on the issuance of the Court of Appeals’ final
ruling as defined by Tex.Cr.App.R. 209(c).

 

Article
44.04(h) is applicable to this proceeding because this court issued an opinion
reversing appellant’s conviction and remanding for a new trial.  Under the
article, the authority for determining the amount of appellant’s bail
transferred to the Court of Criminal Appeals after the State filed its petition
for discretionary review.  Murdock v. State, 870 S.W.2d 41, 42 (Tex. Crim.
App. 1993) (“[Article 44.04(h)] provides a forum in the
Court of Appeals when that court still has jurisdiction over the case—before a
petition [for discretionary review] has been filed.”)  Accordingly, this court
is without jurisdiction to consider appellant’s motion for reconsideration. 
Moreover, this court has already forwarded the appellate record to the Court of
Criminal Appeals in compliance with Tex.
R. App. P. 68.7.  This court is no longer able to set the amount of
appellant’s bail without the appellate record.  

Appellant’s motion
for reconsideration is dismissed for want of jurisdiction.  

 

 

                                                                                                            PER
CURIAM

September 6, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel[1]
consists of: Wright, C.J.,

McCall, J., and Hill.[2]

 









                [1]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





                [2]John G. Hill, Former Chief Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.