In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00258-CR**
_____

**EX PARTE JOSE ANTONIO RODRIGUEZ**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 15-09-09821-CR**

**MEMORANDUM OPINION**

Jose Antonio Rodriguez challenges the trial court's order denying his motion to set bail pending the resolution of his appeal.[1] Because it was reasonable for the trial court to deny Rodriguez bail, we affirm the trial court's order.

Background

In 2016, and based on the terms of a plea agreement, Rodriguez pleaded guilty to driving while intoxicated, third offense.[2] In carrying out the agreement, the trial

_____

[1] *See* Tex. Code Crim. Proc. Ann. art. 44.04(g) (West 2018) (permitting an accelerated appeal from an order denying bail pending an appeal).

[2] Rodriguez's indictment alleged he had two prior convictions for driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04(a) (West Supp. 2018) (defining the elements of the offense of driving while intoxicated), § 49.09(b) (West Supp. 2018) (providing that a driving while intoxicated offense is a third-degree felony if

1

court sentenced Rodriguez to ten years in prison, ordered the execution of the sentence suspended, and placed Rodriguez on community supervision for a period of four years.[3]

Almost two years later, the State moved to revoke the trial court's community supervision order. According to the State, Rodriguez committed eleven violations of the community supervision order. Rodriguez pleaded "not true" to the allegations. After a hearing, the trial court found all the violations alleged in the State's motion to be true. The trial court revoked the community supervision order and sentenced Rodriguez to five years in prison.[4]

Rodriguez timely filed notice of his intent to appeal the trial court's revocation of his community supervision. He also filed a motion to set bail pending the resolution of his appeal. After a hearing, the trial court denied the motion.

---

the person has two prior convictions related to the operation of a motor vehicle while intoxicated).

[3] *See id.* § 12.34(a) (West 2011) (making a third-degree felony punishable by imprisonment for two to ten years).

[4] *See* Tex. Code Crim. Proc. Ann. art. 42A.755(a)(2) (West 2018) (If the trial court revokes the defendant's community supervision, it may reduce the sentence that was suspended at the punishment hearing if it determines that to do so would serve the best interests of society and the defendant.).

## Standard of Review

We review a trial court's decision to deny bail pending appeal for an abuse of discretion.[5] When reviewing matters committed to the trial court's discretion, we do not substitute our own judgment for that of the trial court.[6] Instead, we ask whether the trial court's decision was made without reference to any guiding rules or principles of law, or in other words, whether it was arbitrary or unreasonable.[7] We uphold the trial court's decision as along as it falls within the zone of reasonable disagreement.[8]

## Analysis

There is no federal or state constitutional right to bail pending appeal.[9] However, the Texas Code of Criminal Procedure permits defendants to seek reasonable bail pending appeal under certain circumstances. Pursuant to article 44.04

---

[5] *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981).

[6] *See Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018) (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)).

[7] *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

[8] *See id.* at 391.

[9] *See Dallas v. State*, 983 S.W.2d 276, 278 n.1 (Tex. Crim. App. 1998) (citing *Stack v. Boyle*, 342 U.S. 1 (1951)); *see also Ex parte Lowe*, 573 S.W.2d 245, 247 (Tex. Crim. App. 1978); *Cortez v. State*, 36 S.W.3d 216, 221 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

of the Texas Code of Criminal Procedure, if the defendant's punishment is less than ten years and the conviction is for an offense not listed under article 42A.054(a), the trial court may set a reasonable bail pending the resolution of the defendant's appeal.[10] Since Rodriguez's sentence is less than ten years, and his conviction does not involve an offense listed in article 42A.054(a), he was eligible for bail pending appeal. Nevertheless, article 44.04 provided the trial court with discretion to deny Rodriguez bail if good cause existed to believe he would not appear when his conviction became final or he would likely commit another offense while on bail.[11]

Here, the trial court accepted Rodriguez's guilty plea for the underlying offense of driving while intoxicated and gave Rodriguez several opportunities to serve out his sentence on community supervision. The trial court found Rodriguez committed multiple violations of the community supervision order. Those violations included testing positive for alcohol during a random urinalysis and breaching the terms of an agreement to wear an alcohol monitoring device. Given the nature of the underlying offense, along with the nature of the community supervision violations, the trial court could have reasonably found that Rodriguez would likely commit an

---

[10] *See* Tex. Code Crim. Proc. Ann. art. 44.04(b), (c) (West 2018); *see also id.* art. 42A.054(a) (West 2018).

[11] *See id.* art. 44.04(c).

alcohol-related offense while on bail pending the resolution of his appeal.[12]

Therefore, we find no abuse of discretion. The trial court's order denying Rodriguez's request for bail pending the outcome of his appeal is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 2, 2018
Opinion Delivered January 9, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[12] *See e.g.*, *Ex parte Jeanmard*, No. 09-08-298 CR, 2008 Tex. App. LEXIS 8724, at *3-4 (Tex. App.—Beaumont Nov. 12, 2008, no pet.) (mem. op., not designated for publication) (relying on the trial court's statement that "'[t]he failure to follow such rules which are directly related to [the defendant's] underlying offense places others in jeopardy of [his] potential to commit other offenses if placed on bail'" in affirming the trial court's order denying the defendant's application for bond pending the outcome of his appeal).