

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00267-CR

_____

MARIAN FRASER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2014-158-C1; Honorable Ralph T. Strother, Presiding

March 2, 2020

## ORDER ON MOTION TO REMAIN ON CURRENT BOND
## OR FOR REASONABLE BAIL PENDING APPEAL

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

By opinion and judgment dated December 20, 2019, this court reversed Marian Fraser's conviction for the offense of murder for a second time and remanded the cause to the trial court for a new trial. *See Fraser v. State*, __ S.W.3d __, No. 07-15-00267-CR, 2019 Tex. App. LEXIS 11105, at *19 (Tex. App.—Amarillo Dec. 20, 2019, pet. filed). *See also Fraser v. State*, 523 S.W.3d 320 (Tex. App.—Amarillo 2017), *rev'd*, 583 S.W.3d 564,

571 (Tex. Crim. App. 2019). On January 31, 2020, Appellant filed a motion in this court to remain on her current bond or have reasonable bail set pending a second appeal. While that motion was pending, on February 3, 2020, the State Prosecuting Attorney filed a petition for discretionary review. By letter dated February 4, 2020, this court notified the parties that Appellant's motion to remain on current bond or for reasonable bail pending appeal was moot. The following day, Appellant filed a motion for reconsideration.

Relying on the plain language of article 44.04(h) of the Texas Code of Criminal Procedure and *Murdock v. State*, 870 S.W.2d 41, 43 (Tex. Crim. App. 1993), Appellant maintains she made a choice to have this court rule on her motion. Remaining convinced that Appellant's motion to remain on bond or for reasonable bail is moot, we include these additional comments.

Article 44.04(h) of the Texas Code of Criminal Procedure provides that upon reversal of a conviction, a defendant is entitled to release on reasonable bail, regardless of the length of term of imprisonment, *pending final determination of the appeal by the State or defendant on petition for discretionary review*. (Emphasis added). The statute provides in part that "[i]f the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail." TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (West 2018).

In 2017, when this court reversed Appellant's conviction the first time, bail was set at $50,000 by the Texas Court of Criminal Appeals. On September 11, 2019, the high court reversed this court's decision—a final determination of the appeal on petition for discretionary review. However, the State never sought to revoke Appellant's bond. *See*

2

*Tucker v. State*, 286 S.W.3d 558, 560 (Tex. App.—Corpus Christi 2009, order) (granting State's motion to revoke bail after a final determination of the appeal by the Texas Court of Criminal Appeals).

Appellant indicates that her counsel has been advised that the State opposes permitting her to remain on her current bond. However, this court has now reversed her conviction for a second time which entitles her to remain on bond. Considering that the Texas Court of Criminal Appeals originally set Appellant's bail at $50,000 and that the State never sought to timely revoke that bail, this court need not set reasonable bail pending a second final determination on petition for discretionary review. *See Murdock*, 870 S.W.2d at 42 (concluding that a defendant may request bail only one time from one court). Appellant's motion for reasonable bail and motion for reconsideration are rendered moot.

It is so ordered.

Per Curiam

Do not publish.