

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00058-CR

THOMAS DIXON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2012-435,942, Honorable Jim Bob Darnell, Presiding

April 17, 2020

ORDER

Before QUINN, C.J., and PARKER and DOSS, JJ.

Two motions are before the Court: the State's motion to revoke appellant Thomas Dixon's bail pending appeal, and appellant's motion to stay mandate and our review of his remaining appellate issues. At our invitation, both parties filed responses. We grant the State's motion to the extent it requests revocation of appellant's bail and deny appellant's motion.

By way of background, we reversed appellant's conviction for capital murder and remanded the case for a new trial.[1] On appellant's motion, and following a response by the State, we set appellant's bail on appeal at $2,000,000.[2] Thereafter, the State sought discretionary review before the Texas Court of Criminal Appeals and its petition was granted. Following briefing, the Court of Criminal Appeals reversed our judgment and remanded appellant's case to this Court for consideration of appellant's remaining issues.[3] The Court of Criminal Appeals' mandate issued April 2, 2020.

**State's Motion to Revoke Bail**

By its motion, the State argues because its petition for discretionary review has been finally determined by the Court of Criminal Appeals, appellant is no longer eligible for bail on appeal. Appellant counters that a final determination of his appeal will not be had until his petition for writ of certiorari is resolved by the Supreme Court of the United States. Appellant also requests we conduct oral argument of the State's motion.

A defendant sentenced to ten or more years' confinement may not be released on bail pending appeal of the conviction. TEX. CODE CRIM. PROC. ANN. art. 44.04(b) (West 2018). This provision precludes the possibility of bail for appellant because of the length of his sentence. However, "[i]f a conviction is reversed by a decision of a court of appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the

---

[1] *Dixon v. State,* 566 S.W.3d 348 (Tex. App.—Amarillo 2018), *rev'd, Dixon v. State,* No. PD-0048-19, 2020 Tex. Crim. App. LEXIS 2 (Tex. Crim. App. Jan. 15, 2020).

[2] *Dixon v. State,* No. 07-16-00058-CR, 2019 Tex. App. LEXIS 360 (Tex. App.—Amarillo Jan. 16, 2019, per curiam order) (not designated for publication).

[3] *Dixon v. State,* No. PD-0048-19, 2020 Tex. Crim. App. LEXIS 2 (Tex. Crim. App. Jan. 15, 2020).

length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review." TEX. CODE CRIM. PROC. ANN. art. 44.04(h). While article 44.04(h) authorized appellant's release on bail during the pendency of the State's petition for discretionary review, once the Court of Criminal Appeals' mandate issued, the State's appeal was finally determined for purposes of continued bail under article 44.04(h). *See Tucker v. State,* 286 S.W.3d 558, 560 (Tex. App.—Corpus Christi 2009, per curiam order) (construing the meaning of article 44.04(h) as an appellant's right to bail pending appeal continues only until the Court of Criminal Appeals finally determines the State's petition for discretionary review).

Appellant does not cite, and we have not found, controlling authority standing for the proposition that he is entitled to remain on bail pending disposition of his petition for writ of certiorari before the Supreme Court of the United States.[4] There is no federal or state constitutional right to bail pending appeal. *Ex parte Aejaz,* No. 14-14-00163-CR, 2014 Tex. App. LEXIS 8993, at *3 (Tex. App.—Houston [14th Dist.] Aug. 14, 2014, no pet.) (mem. op., not designated for publication) (citing *Ex parte Lowe,* 573 S.W.2d 245, 247 (Tex. Crim. App. 1978); *Cortez v. State,* 36 S.W.3d 216, 221 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd)). Because the Legislature's articulated circumstances for

---

[4] Citing decisions that we find inapposite to resolution of the issue here presented, appellant argues his conviction is not final for purposes of bail until disposition of his petition for writ of certiorari. *See Clay v. United States,* 537 U.S. 522, 524, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) (holding the one-year limitation period for a federal prisoner seeking post-conviction relief under 28 U.S.C. § 2255, which generally runs from "the date on which the judgment of conviction becomes final," begins to run when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction and not when the appellate court's mandate issues if the defendant does not seek certiorari); *Caspari v. Bohlen,* 510 U.S. 383, 389, 390, 114 S. Ct. 948, 127 L. Ed. 2d 236 (1994) (explaining finality for application of the federal habeas nonretroactivity principle occurs "when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied").

when appellant might be entitled to bail are no longer present, we conclude appellant is therefore no longer eligible for release on bail under article 44.04.

**Appellant's Motion to Stay Mandate and Appellate Review of Remaining Issues**

By his motion, appellant asks that we stay mandate and refrain from disposing of his remaining appellate issues while he prepares and files a petition for writ of certiorari to the Supreme Court of the United States. As authority for withholding mandate appellant cites Rule of Appellate Procedure 18.2 which authorizes an appellate court to stay *its* mandate for up to 90 days in a criminal case pending the United States Supreme Court's disposition of a petition for writ of certiorari. TEX. R. APP. P. 18.2.

Appellant appears to misconstrue the operation of rule 18.2. If he intends we enjoin the Court of Criminal Appeals' mandate to this Court, we have no such authority. TEX. GOV'T CODE ANN. § 22.102 (West 2004) (providing in part, "the mandate of the appellate court that determined the case shall be directed to the court that had jurisdiction over the case"). To the extent he intends we withhold our mandate from the trial court, he is premature. Only after our judgment disposing of appellant's remaining issues is rendered may our mandate to the trial court issue. TEX. R. APP. P. 18.1(a). Appellant has not presented authority for the requested stay of our disposition of his remaining appellate issues while he pursues a petition for writ of certiorari before the Supreme Court of the United States. We find appellant's motion without merit.

### Disposition

Appellant's request for oral argument of the State's motion is denied. We grant the State's motion to the extent it requests revocation of appellant's bail. We further direct

4

the trial court to take appropriate action to effectuate our revocation of appellant's bail. *See Tucker,* 286 S.W.3d at 560 (directing the trial court to take appropriate action to effectuate the revocation of the appellant's bail on appeal after case was remanded to the court of appeals from the Court of Criminal Appeals for disposition of appellant's remaining issues); *In re Bell,* 527 S.W.3d 474 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding) (rejecting relator's argument that under Rule of Appellate procedure 25.2(g) trial court lacked jurisdiction to issue capias after Court of Criminal Appeals vacated decision of court of appeals and remanded case to court of appeals, noting trial court's bail authority under Code of Criminal Procedure article 44.04(d) continued during appeal).

Appellant's motion to withhold mandate and stay disposition of appellate review of his remaining issues is denied.

It is so Ordered.

Per Curiam

Do not publish.