**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00115-CR**
_____

**CAMERON DONTAE ROBINSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-01-00130-CR**

**MEMORANDUM OPINION**

Cameron Dontae Robinson challenges the trial court's order denying his motion to set bail pending the resolution of his appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.04(g) (permitting an accelerated appeal from an order denying bail pending an appeal). Because it was reasonable for the trial court to deny Robinson's bail, we affirm the trial court's order.

## Background

In 2021, Robinson's vehicle was stopped by a State Trooper for a traffic stop. During the stop, the trooper observed marijuana residue on the floor of Robinson's vehicle, resulting in a probable cause search of Robinson's vehicle, leading to the discovery of drugs and $93,971 in cash. At trial, the State introduced evidence of Robinson's criminal history, including a prior arrest for possession of drugs. Robinson was convicted of money laundering in an amount greater than $30,000 and less than $150,000. Tex. Penal Code Ann. § 34.02(e)(2). He was sentenced to four years' incarceration in the Texas Department of Criminal Justice.

After his conviction, Robinson moved to set bail pending the resolution of his appeal. After a hearing, the trial court denied the motion.

## Standard of Review

We review a trial court's decision to deny bail pending appeal for an abuse of discretion. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981). When reviewing matters committed to the trial court's discretion, we do not substitute our own judgment for that of the trial court. *See Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018) (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)). Instead, we ask whether the trial court's decision was made without reference to any guiding rules or principles of law, or in other words, whether it was arbitrary or unreasonable. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.

2

Crim. App. 1990) (op. on reh'g). We uphold the trial court's decision as long as it falls within the zone of reasonable disagreement. *See id*. at 391.

## Analysis

There is no federal or state constitutional right to bail pending appeal. *See Dallas v. State*, 983 S.W.2d 276, 278 n.1 (Tex. Crim. App. 1998) (citing *Stack v. Boyle*, 342 U.S. 1 (1951)); *see also Ex parte Lowe*, 573 S.W.2d 245, 247 (Tex. Crim. App. 1978); *Cortez v. State*, 36 S.W.3d 216, 221 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). However, the Texas Code of Criminal Procedure permits defendants to seek reasonable bail pending appeal under certain circumstances. Pursuant to article 44.04 of the Texas Code of Criminal Procedure, if the defendant's punishment is less than ten years and the conviction is for an offense not listed under article 42A.054(a), the trial court may set a reasonable bail pending the resolution of the defendant's appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.04(b), (c); *see also id*. art. 42A.054(a). Since Robinson's sentence is less than ten years, and his conviction does not involve an offense listed in article 42A.054(a), he was eligible for bail pending appeal. Nevertheless, under article 44.04, the trial court has discretion to deny Robinson's bail if good cause existed to believe he would not appear when his conviction became final, or he would likely commit another offense while on bail. *See id*. art. 44.04(c). See *Ex parte Anderer*, 61 S.W.3d 398, 406 (Tex. Crim. App. 2001) (Against the interest of such appellants [persons convicted of a

3

felony yet still eligible for bail] must be balanced the interest of society in enforcing the penal laws). Robinson was convicted of money laundering under Tex. Penal Code Ann. § 34.02(e)(2). The evidence at trial showed he had more than $90,000 in cash in his vehicle when he was stopped and that he was in possession of oxycodone pills that were not prescribed to him. Evidence at his trial, and also at the bond hearing, revealed arrests both before and after this case, including testimony that Robinson had violated the terms of his bail at trial when he was arrested in Arkansas just a few weeks after being arrested in Texas. Evidence in the record also shows that Robinson still has pending criminal cases alleging possession of drugs in Hunt County and possession of drugs in Denton County.

In denying bail on appeal, the trial court explained, "That's my big concern. It is not about -- I mean, he did appear. And to his credit, he appeared when many times his attorney at trial did not. But I am concerned because he has a lot of other pending cases." The trial court also agreed with the State that section 44.04(c) does not reference convictions, but only whether the defendant is likely to commit another offense while out on bail.

Given the nature of the underlying offense, and Robinson's multiple arrests both before and after his arrest here, the trial court could have reasonably found that Robinson would likely commit another offense while on bail pending the resolution of his appeal. *Ex parte Lowe* at 247; *see, e.g., Ex parte Jeanmard*, No. 09-08-298CR,

4

2008 WL 4936842, at *1 (Tex. App.—Beaumont Nov. 12, 2008, no pet.) (mem. op., not designated for publication) (relying on the trial court's statement that "'[t]he failure to follow such rules which are directly related to [the defendant's] underlying offense places others in jeopardy of [his] potential to commit other offenses if placed on bail[]'" in affirming the trial court's order denying the defendant's application for bond pending the outcome of his appeal). On this record, it does not appear that the trial court acted arbitrarily or unreasonably. We cannot say that the trial court acted without regard to guiding rules or principles of law in denying Robinson's bail on appeal. Therefore, we find no abuse of discretion. The trial court's order denying Robinson's request for bail pending the outcome of his appeal is affirmed.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on December 5, 2023
Opinion Delivered January 31, 2024
Do Not Publish

Before Horton, Johnson and Wright, JJ.

5